Bartolo LUBINI, Appellant,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.

No. 13854.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 7, 1957.

Decided Jan. 9, 1958.

Mr. David Carliner, Washington, D. C., with whom Mr. Jack Wasserman, Washington, D. C., was on the brief, for appellant.

Mr. John W. Kern, III, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, Asst. U. S. Atty., and Milton Eisenberg, Asst. U. S. Atty., at the time brief was filed, were on the brief, for appellee.

Before FAHY, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal by an alien from the dismissal of his complaint seeking a declaration that he is eligible for relief from deportation under § 4 of the Displaced Persons Act of 1948 [1] or under § 6 of the Refugee Relief Act of 1953. [2]

1. 62 Stat. 1011 (1948), as amended, 50 U.S.C.App. § 1953, 50 U.S.C.A.Appendix, § 1953.

"§ 4(a) Any alien who (1) entered the United States prior to April 30, 1949, and was on that date in the United States * * * and (2) is otherwise admissible under the immigration laws, and (3) is a displaced person residing in the United States as defined in this section, may, within two years next following the effective date of this Act, as amended [sections 1951–1966 of this Appendix], apply to the Attorney General for an adjustment of his immigration status. If the Attorney General shall, upon consideration of all facts and circumstances of his case, determine * * * that such alien is qualified under the provisions of this section, the Attorney General shall report to the Congress all the pertinent facts in the case. * * *

"(b) When used in this section the term 'Displaced Person residing in the United States' means a person who establishes * * * that he is a person displaced from the country of his birth, or nationality, or of his last residence as a result of events subsequent to the outbreak of World War II."

2. 67 Stat. 403 (1953), as amended, 50 U.S.C.App. § 1971d, 50 U.S.C.A.Appendix, § 1971d, authorizing similar adjustment for a person who is "* * * unable to

Appellant's deportability is not in dispute.

We do not subscribe to all that is said either in the District Court's memorandum opinion or in the decisions of the Immigration and Naturalization Service on appellant's applications for relief. But a review of the record leads inescapably to the conclusion that appellant's last residence was in Italy in the city of Trieste. Appellant's testimony in the deportation hearings in 1951 and in the hearing on his Displaced Persons Act application in 1952 establishes that he left his home in Briani in 1939, and that his permanent home between 1939 and 1946 was in Trieste; appellant's wife and child still live in Trieste. Accordingly, we think it plain that neither on his Displaced Persons Act application nor on his Refugee Relief Act application has appellant carried his burden of showing that he will be subject to persecution "on account of race, religion, or political opinion" in the country of his birth (Yugoslavia), and in the country of his nationality (undetermined), and in the country of his last residence (Italy).

Affirmed.

return to the country of his birth, or nationality, or last residence because of persecution or fear of persecution on account of race, religion, or political opinion * * *."